IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JEREMY KELLY,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No. 2:18-cv-1103**

**STATE OF INDIANA (Government Office),**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On June 29, 2018, the petitioner filed a "Petition to Transfer Cause from State Court to federal Court" (ECF No. 1) and a "Waiver of Court Filing Fees" (ECF No. 2). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS

This is the second of three civil actions filed in this court by the petitioner since June 25, 2018 concerning his criminal and habeas corpus proceedings in the State of Indiana. On June 25, 2018, the petitioner filed an action against the United States Marshals Service and the Jay County Sheriff's Department, which has been treated as a Complaint under the Federal Tort Claims Act ("FTCA"). *See Kelly v. United States Marshals Service*, No. 2:18-cv-1078. On June 29, 2018, the petitioner filed another civil action purported to be filed under the FTCA against the United States Attorney General.

*See Kelly v. United States Attorney General*, No. 2:18-cv-1104.[1] Those matters are also assigned to Judge Copenhaver, but will be separately addressed.

The petitioner is incarcerated in the Westville Correctional Facility in Westville, Indiana, where he is serving an 4-year sentence after being convicted of one count of battery in the Circuit Court of Jay County, Indiana. In the instant matter, which was filed by the petitioner on June 29, 2018, the petitioner seeks to remove or transfer to this court a pending petition for a writ of habeas corpus filed in the Circuit Court of LaPorte County, Indiana (No. 46C01-1806-MI-806), simply because he believes that it is "in the interests of justice" because his rights are being violated in the Indiana courts. (ECF No. 1 at 2). The petitioner further mistakenly asserts that this United States District Court has jurisdiction over his Indiana habeas corpus proceeding because "Jurisdiction of the court is nationwide, and jurisdiction over the parties is obtained when suit is filed and process is served on the United States through the Attorney General." (*Id.* at 3).

## **ANALYSIS**

Section 1441(a) of Title 28 provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States where such action is pending.

28 U.S.C. § 1441(a). To the extent that the petitioner is attempting to remove his pending state habeas corpus proceeding to this United States District Court, there are several reasons why such removal is improper.

---

[1] The plaintiff's filings are strikingly similar to cases filed by another Indiana state prisoner incarcerated at the same state prison, Roger Pringle, who is an abusive filer. The undersigned believes that Mr. Pringle may be encouraging this plaintiff to also file frivolous matters in this court.

First, presuming that the petitioner's habeas corpus petition is a civil action over which a federal district court would have original jurisdiction, the petitioner is not a defendant therein. Rather, he is the petitioner/claimant and he has no authority to remove his case under 28 U.S.C. § 1441. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *see also Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) ("the petitioner in a state court proceeding ha[s] no power to remove his own case. Removal is available only to defendants.") Moreover, even if the petitioner had the authority to remove his case to federal court, he would be required by the statute to remove the matter to the United States District Court for the Northern District of Indiana, in which the Circuit Court of LaPorte County is located, and is where the "action is pending." Additionally, sections 1404(a), 1406(a), and 1631 of Title 28, which are cited in the "Petition to Transfer," provide no remedy for the petitioner to transfer his state habeas corpus matter to this court, as they govern the transfer of matters from one federal district court to another, not from a state court to a federal court in another state.

Accordingly, for the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the petitioner may not remove or transfer his state habeas corpus proceeding from the Circuit Court of LaPorte County, Indiana, to this United States District Court. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's "Petition to Transfer Cause from State Court to federal Court" (ECF No. 1) and **DISMISS** this matter from the docket of this court.

It is further respectfully **RECOMMENDED** that the presiding District Judge notify the petitioner that the continued filing of civil actions concerning his Indiana criminal or habeas corpus proceedings over which this court lacks jurisdiction and venue

3

may result in the imposition of a pre-filing injunction prohibiting him from filing any additional petitions or motions concerning such claims in this court, or other sanctions.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

<u>July 9, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge

4